EXHIBIT 2

1  | AMY BISSON HOLLOWAY, State Bar. No. 163731
General Counsel
2  | EDMUNDO R. AGUILAR, State Bar No. 136142
Assistant General Counsel
3  | TODD M. SMITH, State Bar No. 170798
Assistant General Counsel
4  | KATE STARN LEGRAND, State Bar No. 236302
Deputy General Counsel
5  | California Department of Education
1430 N Street, Suite 5319
6  | Sacramento, California 95814
Telephone: 916-319-0860
7  | Facsimile: 916-319-0155
klegrand@cde.ca.gov
8  | Attorneys for California Department of Education

9  BEFORE THE

10  OFFICE OF ADMINISTRATIVE HEARINGS

11  SPECIAL EDUCATION DIVISION

12  STATE OF CALIFORNIA

13  KRISTINA B█████ and MICHAEL B█████     ) OAH Case No. 2017070678
PARENTS on behalf of S███████ B███,         )
14  Student,                                                      ) **CALIFORNIA DEPARTMENT OF**
                                                                       ) **EDUCATION'S MOTION TO DISMISS**
15          Petitioners,                                        ) **FIRST AMENDED DUE PROCESS**
                                                                       ) **COMPLAINT**
16          v.                                                     )
                                                                       )
17  FRESNO COUNTY DEPARTMENT OF SOCIAL )
SERVICES; FRESNO UNIFIED SCHOOL         )
18  DISTRICT; FRESNO COUNTY OFFICE OF       )
EDUCATION; SONOMA COUNTY OFFICE OF  )
19  EDUCATION; ELK GROVE UNIFIED SCHOOL )
DISTRICT; KERN HIGH SCHOOL DISTRICT;    )
20  GRASS VALLEY SCHOOL DISTRICT;             )
REDLANDS UNIFIED SCHOOL DISTRICT;        )
21  CENTRAL UNIFIED SCHOOL DISTRICT;          )
FRESNO COUNTY JUVENILE PROBATION;      )
22  DEPARTMENT OF EDUCATION; and THE       )
STATE OF CALIFORNIA.                              )
23                                                                     )
          Respondents                                         )
24  _____ )

25

26  ## RESPONSE TO REQUEST FOR DUE PROCESS HEARING

27  Pursuant to Title 20 United States Code section 1415(c)(2)(B)(ii) of the Individuals with

28  Disabilities Education Improvement Act of 2004 (IDEA), and without waiving its right to contest the

1   sufficiency of the due process complaint, the CDE provides this response to Petitioner's first amended

2   due process complaint (FAC). The Petition alleges that the California Department of Education (CDE)

3   has denied the Student and/or her parents (Petitioners) a Free Appropriate Public Education (FAPE).

4   The CDE denies generally, and for each separate issue raised in the FAC, that it denied Petitioners a

5   FAPE or otherwise violated state or federal law. In addition, the CDE notes that to the extent the FAC

6   includes claims regarding events that took place two or more years from the filing of this FAC, such

7   claims are barred by the applicable two-year statute of limitations. Finally, the CDE denies Petitioners

8   are entitled to relief or the remedies requested.

9   <center>**MOTION TO DISMISS REQUEST FOR DUE PROCESS HEARING**</center>

10   <center>**I.   INTRODUCTION**</center>

11   Petitioners, Kristina and Michael B███ parents of S███ B███ (Student), allege that

12   numerous Local Educational Agencies (LEAs) public agencies, including the CDE (Respondents), have

13   failed to provide Student with a FAPE during the 2015–2016 and 2016–2017 school years. With

14   regard to the CDE specifically, Petitioners do not allege that the CDE is an appropriate party because it

15   was at some time involved in making educational decisions regarding Student's special education

16   placements. Rather, Petitioners appear to allege the CDE is an appropriate party because, as the State

17   Educational Agency (SEA), it is ultimately responsible for ensuring Student receives a FAPE under the

18   IDEA. Petitioners contend, as part of its general oversight responsibilities that the CDE must ensure

19   that particular placements are available to "students with extremely severe mental health issues," and

20   must also ensure that a *single* LEA, or the CDE itself, is responsible for Student's IEPs and assessments

21   while Student is within the jurisdiction of the "juvenile justice system." (FAC, p. 26.) (Emphasis

22   supplied.)

23   The CDE, however, is not a proper party to this action by virtue of its general supervisory

24   authority. Nor is the CDE a proper party because Petitioners request remedies that require systemic

25   and structural changes to the provision of special education services in California. The OAH has

26   consistently ruled that all of these legal theories fall outside its jurisdiction. For these reasons, OAH

27   should dismiss the CDE as a party to this action.

28   ///

Case 1:17-cv-01507-LJO-BAM   Document 36   Filed 06/06/18   Page 4 of 10

## II.   BACKGROUND

On July 18, 2017, Petitioners served the CDE with a copy of the Complaint in the above-entitled matter.  On July 19, 2017, Petitioners served the CDE with an amended Complaint (FAC).  Thereafter, on July 26, 2017, OAH granted Petitioners' motion to amend the Complaint.

With regard to the CDE, Petitioners allege:  1) a failure to ensure adequate residential treatment facilities for students with severe mental health needs; 2) a denial of parents' ability to meaningfully participate in the individualized education program (IEP) process by failing to provide a single educational agency that remains responsible for a child in the juvenile justice system; and 3) a failure to ensure that children in the juvenile justice system are properly assessed despite not being in a single placement for sixty days.  (FAC, p. 7.) As a means to remedy these alleged denials, Petitioners seek systemic relief and systemic change to the manner in which students with disabilities, including those in the juvenile justice system, are ensured a FAPE. (FAC, p. 28.)

## III.   ARGUMENT

Petitioners name the CDE as a party to this action based on its general supervisory authority over LEAs under State and federal law, and request systemic relief.  As discussed below, however, Petitioners claims and requested relief, as against the CDE, fall outside OAH's jurisdiction, and the CDE should therefore be dismissed.

### A. The Face of the FAC Demonstrates that the CDE Cannot Be Legally Responsible for Providing a FAPE to Student

The CDE is not in a position to challenge the facts alleged in the FAC.  Indeed, this lack of knowledge regarding Student and her education illustrates the fact that the CDE is not a proper party to this action.  Unlike the other public agencies named in the FAC, the CDE has had no prior contact with Student and no involvement in any decisions regarding her education.  The CDE has played no role in the planning, development or provision of educational services to student.  As explained below, the CDE is not a proper party to this action and should be dismissed.

The CDE, as the SEA, is responsible for the "general supervision" of State special education programs to ensure, among other requirements, that LEAs meet the requirements of the IDEA. (20 U.S.C. § 1400(d)(11)(A).)  Notwithstanding this duty, the CDE is not generally a proper party to a due

1    process hearing. Rather, the LEA serving the student, not the CDE, is in most cases the public agency

2    responsible for providing special education and related services, and "the public agency involved in any

3    decisions regarding a pupil." (Ed. Code, § 56501(a).) This is why OAH's jurisdiction is generally

4    confined to those public agencies under the IDEA that are "responsible for providing education to

5    children with disabilities." (34 C.F.R. § 300.33; Ed. Code, §§ 56028.5; 56500; 56501(a).) In this

6    instance, the CDE is not one of those public agencies. OAH has consistently held that the issue of the

7    CDE's oversight of LEAs is outside the scope of its jurisdiction. (See *Parents on Behalf of Student v.*

8    *Los Angeles Unified School District, Valley Charter School and CDE*, OAH Case No. 2010110533,

9    Order Granting Motion to Dismiss the CDE as a Party; *Parents on Behalf of Student v. Los Angeles*

10    *County Office of Education, et al.*, OAH Case No. 2010110435, Order Granting the CDE's Motion to

11    Dismiss; *Parents on Behalf of Student v. CDE*, OAH Case No. 2012010158, Order Granting CDE's

12    Motion to Dismiss; and *Guardians on Behalf of Student v. Los Angeles Unified School District, et al.*,

13    OAH Case No. 2010110312, Order Granting CDE's Motion to Dismiss.)

14      The CDE's general oversight responsibility in itself is not a sufficient reason to be a party to a

15    due process hearing. Because the CDE is not a proper party in this case, the Complaint should be

16    dismissed as to the CDE. Full relief can be awarded, if appropriate, as against the responsible LEAs.

17      **B. The CDE is Not Required to Ensure the Availability of In-State Residential
        Placements**

18

19      Student contends that the CDE has denied her a FAPE because it has failed to ensure that there

20    are appropriate residential treatment facilities located in the State. (FAC, p. 27.) More specifically,

21    Student asserts that the available continuum of placement options, including currently existing out-of-

22    state residential treatment facilities and currently existing in-State residential treatment facilities, are

23    not able to meet her needs. *Id.* On that that basis, Student seeks an order that directs the CDE to ensure

24    that there is an appropriate residential treatment facility in California to serve her "severe mental health

25    needs." (FAC p. 28.) Essentially, Student requests that the CDE create a placement for Student that

26    may, or may not, provide her with a FAPE.

27      The law requires LEAs to offer and provide students with disabilities a continuum of alternative

28    placements. Specifically, Education Code section 56360 requires that the special education local plan

1　area (SELPA) to ensure that a continuum of alternative programs is available to meet the needs of

2　individuals with exceptional needs for special education and related services. (34 CFR § 300.115(a);

3　Ed. Code, § 56360.) This continuum must include instruction in regular classes, special classes, special

4　schools, home instruction and instruction in hospitals and institutions. (34 CFR § 300.115(b)(1); Ed.

5　Code, §§ 56360, 56361.) If placement in a public or private residential program is necessary to provide

6　special education and related services to a child with a disability, the program, including non-medical

7　care and room and board, must be at no cost to the parent of the child. (34 CFR § 300.104.)

8　　　　Whether a student requires a residential placement is a question of fact for the Administrative

9　Law Judge in a due process hearing between the individual student and the responsible LEA(s). Even

10　assuming OAH determines that a student requires a residential placement, the law does not mandate

11　any particular *location* for residential placements. Should OAH determine that a student requires a

12　residential placement as a result of testimony at a due process hearing, nothing in the law mandates that

13　California ensure that *in state* facilities are available.

14　　　　While an LEA must document efforts to locate an appropriate in-state nonpublic school before

15　placing a student out-of-state, no law is violated by permitting out-of-state placement after

16　consideration of in-state alternatives. (Ed. Code, § 56365(e).) In some cases, the appropriate

17　residential placement is out-of-state. (*Seattle Sch. Dist. No. 1 v. B.S.,* 82 F.3d 1493, 1501–1502

18　(9th Cir. 1996).)

19　　　　Petitioners assert an appropriate remedy would be to order the CDE to create in-state residential

20　placements to meet Student's needs. Yet, as explained above, the Legislature has expressly set forth a

21　system where a student's IEP team considers the full continuum of placement options for a student with

22　disabilities, including the Student here. Any remedy requiring the CDE to construct residential

23　facilities in California that may or may not be appropriate for Student would amount to structural and

24　systemic statewide relief and usurp the powers of the Legislature. OAH has repeatedly held that

25　complaints for systemic and structural relief are beyond its jurisdiction. (See, e.g., *Student v. Los*

26　*Angeles Unified School District and California Department of Education*, OAH Case No. 2011110065,

27　Order Granting the California Department of Education's Motion to Dismiss, p. 6, "Complaints for

28　systemic and structural relief are beyond the jurisdiction of OAH."; *Court-Appointed Independent*

1 *Counsel of Behalf of Student v. Sacramento City Unified School District et al.*, OAH Case No.

2 2012120710, Order Granting Motion to Dismiss California Department of Education, p. 5: "OAH's

3 jurisdiction does not extend to claims that seek structural and systemic statewide relief such as the

4 construction of new facilities sought by Student here."; *Parent on Behalf of Student v. Fremont Union*

5 *High School District, et al.*, Order Granting California Department of Education's Motion to Dismiss,

6 p. 2: "OAH has no jurisdiction to order CDE to procure placements . . . .") Accordingly, the CDE is

7 not a proper party to this action and should be dismissed.

8 **C. The Law Provides for Students in the "Juvenile Justice System" to Receive Special Education and Related Services from a Responsible LEA**

9

10 Petitioners argue that the CDE has denied Student a FAPE due to a failure to adequately

11 monitor and manage Student's educational program. (FAC, p. 26.) Specifically, Petitioner asserts that

12 the CDE has denied Student a FAPE by denying Student's parents meaningful participation in the IEP

13 process by "failing to provide a *single* educational agency that remains responsible for a child in the

14 juvenile justice system." (FAC, p. 27.) (Emphasis supplied.) As a remedy, Petitioners request an order

15 requiring a single educational agency or the CDE maintain responsibility "for [Student's] IEPs and

16 assessments while she is within the jurisdiction of the juvenile justice system." (FAC, p. 28.) Neither

17 State nor federal law require or even authorize such an approach. Existing law provides that each LEA

18 in which the Student resides or is placed is responsible for educating the student. (Ed. Code, §§ 48200,

19 56300.) The law even accounts for students who move between private residences, psychiatric

20 hospitals, hospitals and health facilities, LCIs, foster homes, group homes, and various institutions

21 within the juvenile justice system, including juvenile hall and similar facilities. (*See, e.g.*, Ed. Code §§

22 48200, 56320(i), 56150, 56156.4, 56167, 56168, 56325.) Notwithstanding established law, in essence,

23 Petitioners request that OAH rewrite the laws of residency. Because OAH's jurisdiction does not

24 extend to such requests for systemic relief, the CDE should be dismissed from this action.

25 **1. The CDE is Not Required to Designate a Single LEA or Itself as the LEA Responsible for Students Under the Jurisdiction of the "Juvenile Justice System"**

26

27 Petitioners allege that their "right to have a *single* local educational agency be responsible for

28 her education placement and services," has been denied. (FAC, p. 26.) (Emphasis supplied.) No such

1  "right" exists under the law. Rather, the law provides that the LEA of residence is responsible for the

2  development and implementation of each resident student's IEP, including those students who

3  transition in and out of juvenile hall. (Ed. Code, §§ 56300, 56150.) In California, wherever a student

4  resides in the State, the student is served. Neither the CDE nor the OAH has any jurisdiction to override

5  the State Legislature.

6  **2. The Law Provides for Students in the "Juvenile Justice System" to Receive Special
   Education Assessments**

7

8  As a remedy, Petitioners request that OAH order the CDE to develop a statewide system that

9  ensures that students who move from placement to placement, as Petitioners allege Student has done

10  here, are appropriately and timely assessed. Such laws, regulations and processes already exist in law.

11  Specifically, when a Student transfers from one LEA to another LEA, the law requires that each LEA

12  "shall ensure that assessments of individuals with exceptional needs . . . are coordinated with the

13  individual's prior and subsequent schools, as necessary and as expeditiously as possible." (Ed. Code,

14  § 56320(i).) Here, Petitioner identifies each responsible LEA as Student moved from placement to

15  placement. As noted above, the Legislature has already addressed the situation for which Petitioners

16  seek a systemic, statewide remedy. Furthermore, such a remedy falls outside the jurisdiction of OAH.

17  Accordingly, the CDE is not a proper party to this action and must be dismissed.

18  **IV.   CONCLUSION**

19  For the reasons set forth above the CDE respectfully requests that Petitioner's FAC be

20  dismissed as to the CDE.

21  Dated: August 3, 2017

Respectfully submitted,

22

23  AMY BISSON HOLLOWAY
General Counsel
EDMUNDO R. AGUILAR
Assistant General Counsel
TODD M. SMITH
Assistant General Counsel

24

25

26

By:

27  KATE STARN LEGRAND
Deputy General Counsel
Attorneys for California Department of Education

28

Case 1:17-cv-01507-LJO-BAM   Document 36   Filed 06/06/18   Page 9 of 10

**PROOF OF SERVICE**

*Kristina B      and Michael B      , Parents on Behalf of           B      , Student, v. Fresno County
Department of Social Services; Fresno Unified School District; Fresno County Office of
Education; Sonoma County Office of Education; Elk Grove Unified School District; Kern High
School District; Nevada Joint Union High School District; Redlands Unified School District;
Central Unified School District; Fresno County Juvenile Probation;
Department of Education; and the State of California
OAH Case No.: 2017070678*

I, the undersigned, state that I am a citizen of the United States, over the age of 18 years, a

resident of the State of California, and not a party to this action. All documents were printed or copied

on recycled paper. My business address is 1430 N Street, Suite 5319, Sacramento, California 95814.

On August 3, 2017 I served the:

- CALIFORNIA DEPARTMENT OF EDUCATION'S MOTION TO DISMISS FIRST
  AMENDED DUE PROCESS COMPLAINT

by facsimile, addressed as follows:

| | |
|---|---|
| Office of Administrative Hearings<br>15350 Sherman Way, Suite 300<br>Van Nuys, CA 91406<br>Fax: 916-376-6319 | Christian M. Knox<br>Ruderman Knox<br>1300 National Drive, Suite 120<br>Sacramento, CA 95834<br>Fax: 916-563-0114 |
| Delfino Neira, Director<br>Fresno County Department of Social Services<br>2135 Fresno Street, Suite 100<br>Fresno, CA 93721<br>Fax (559) 600-2311 | Jennifer R. Rowe Gonzalez<br>Fagen, Friedman & FulFrost, LLP<br>7108 N Fresno Street, Suite 270<br>Fresno, CA 93720<br>Fax: 559-860-4799 |
| Heather Edwards,<br>Girard, Edwards, Stevens & Tucker, LLP<br>8801 Folsom Blvd., Suite 285<br>Sacramento, CA 95826<br>Fax: 916-706-2672 | Cathy Holmes,<br>Dina Harris,<br>Best, Best & Krieger, LLP<br>3390 University Avenue, 5th Floor<br>P.O. Box 1028<br>Riverside, CA 92502<br>Fax: 951-686-3083 |
| Xavier Becerra, Attorney General<br>The State of California<br>1300 I Street<br>Sacramento, CA 95814<br>Fax: 916-324-5567 | Diandra N. Vantrease<br>Lang, Richert & Patch<br>P.O. Box 40012<br>Fresno, CA 93755-0012<br>Fax: 559-228-6727 |

| | |
|---|---|
| Elizabeth Rho-Ng<br>Atkinson, Andelson, Loya, Ruud & Romo<br>5075 Hopyard Road, Suite 210<br>Pleasanton, CA 94588<br>Fax: 925-227-9202 | Kimberly B. Shulist<br>Atkinson, Andelson, Loya, Ruud & Romo<br>1050 Northgate Drive, Suite 520<br>San Rafael, CA 94903<br>Fax: 628-234-6899 |
| Cliff Downing, Juvenile Division Director<br>Fresno County Juvenile Probation<br>3333 East American Avenue, Suite B<br>Fresno, CA 93725<br>Fax: 559-600-4747 | Cher Koleszar, Director of Special Services<br>Redlands Unified School District<br>20 West Lugonia Avenue<br>Redlands, CA 92374<br>Fax: 909-307-5337 |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of August 2017 at Sacramento, California.

Tereta McClory