EXHIBIT 2

XAVIER BECERRA
Attorney General of California
ISMAEL A. CASTRO
Supervising Deputy Attorney General
JUDY WONG
Deputy Attorney General
State Bar No. 299990
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-0356
 Facsimile: (916) 324-5567
 E-mail: Judy.Wong@doj.ca.gov
*Attorneys for the State of California*

BEFORE THE

OFFICE OF ADMINISTRATIVE HEARINGS

SPECIAL EDUCATION DIVISION

STATE OF CALIFORNIA

| | |
|---|---|
| KRISTINA B▮▮▮ and MICHAEL B▮▮▮, Parents, on behalf of S▮▮▮▮▮▮ B▮▮▮, Student,<br><br>v.<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES; FRESNO UNIFIED SCHOOL DISTRICT; FRESNO COUNTY OFFICE OF EDUCATION; SONOMA COUNTY OFFICE OF EDUCATION; ELK GROVE UNIFIED SCHOOL DISTRICT; KERN HIGH SCHOOL DISTRICT; NEVADA JOINT UNION HIGH SCHOOL DISTRICT; REDLANDS UNIFIED SCHOOL DISTRICT; CENTRAL UNIFIED SCHOOL DISTRICT; FRESNO COUNTY JUVENILE PROBATION, CALIFORNIA DEPARTMENT OF EDUCATION, and THE STATE OF CALIFORNIA,<br>                      Respondents. | Case No. 2017070678<br><br>**THE STATE OF CALIFORNIA'S MOTION TO DISMISS** |

1

# INTRODUCTION

Student S▮▮▮▮ B▮▮ (Student) is a fifteen-year-old student with bipolar disorder, mood-incongruent psychotic features, oppositional defiant disorder, attention deficit hyperactivity disorder, major depressive disorder, and a specific learning disability. She initiated this due process proceeding asserting that she has been denied a free appropriate public education (FAPE) by Fresno County Department of Social Services (FCDSS), Fresno Unified School District (FUSD), Fresno County of Education (FCOE), Sonoma County Office of Education (SCOE), Elk Grove Unified School District (EGUSD), Kern School District (KHSD), Nevada Joint Union High School District (NJUHSD), Redlands Unified School District (RUSD), Central Unified School District (CUSD), Fresno County Juvenile Probation (Probation), California Department of Education (CDE) and the State of California. There is no dispute that the school districts and county offices of education, as the local educational agencies (LEA), are responsible for providing Student a FAPE. Yet, by way of this proceeding, Student seeks to expand the law and confer special education obligations on the State of California, which does not have statutory commitments under the Individuals with Disabilities Education Act (IDEA) to provide a FAPE to Student. As set forth below, the State of California is not a proper party to this matter because it is not an education agency and has no duty to provide Student the relief she seeks. Accordingly, the State of California requests that its motion to dismiss be granted.

# FACTUAL BACKGROUND

I.  **THE STATE OF CALIFORNIA IS NOT A PROPER PARTY TO THIS DUE PROCESS COMPLAINT**

   A.  **2014-2015 School Year**

Student qualifies for special education services under the category of "other health impairment and specific learning disability." (Amended Complaint, p. 7, ¶ 1.)

During the 2014-2015 school year, Student was placed in the seventh grade at Tioga Middle School within Fresno Unified School District (FUSD). (*Id.*, p. 8, ¶ 4.) Student's individualized education program (IEP) was dated August 20, 2014. (*Id.*, p. 8, ¶ 5.) The District convened Student's IEP meeting on May 5, 2015. (*Id.*, p. 8, ¶ 6.) Student alleges that the IEP

was inadequate because the behavior intervention plan (BIP) was not based on data, failed to identify accurate antecedents, and failed to provide appropriate reinforcements or a reinforcement schedule. (*Id.*, p. 9, ¶ 7.) Student also contends that the District failed to provide her with measurable goals in all areas of need, placement in a residential treatment program, counseling, adequate WRAP services, and ESY. (*Id.*, p. 9, ¶¶ 7-11.)

On July 27, 2015, Student was placed on an involuntary psychiatric hold from July 27, 2015 to August 5, 2015. (*Id.*, p. 10, ¶ 13.)

### B.  2015-2016 School Year

During the 2015-2016 school year, Student was placed in the eighth grade at Phoenix Secondary Academy within FUSD. (*Id.*, p. 10, ¶ 14.) Student's operative IEP was dated May 5, 2015. (*Id.*, p. 10, ¶ 15.) The District convened a "schedule change" IEP meeting on October 13, 2015. (*Id.*, p. 10, ¶ 16.) In addition to the reasons above, Student argues that the IEP was inadequate because Student required intensive services from a behaviorist and should have qualified for special education for "emotional disturbance." (*Id.*, pp. 10-11, ¶¶ 15-21.)

Student was placed on an involuntary psychiatric hold from October 27, 2015 to November 5, 2015, was subsequently admitted to an acute psychiatric facility from November 13, 2015 to November 17, 2015, and was placed on another involuntary psychiatric hold on November 20, 2015. (*Id.*, p. 11, ¶¶ 22-28.) Student returned to school in December 2015, but was suspended for two days on December 16, 2015, and was placed on an involuntary psychiatric hold thereafter. (*Id.*, pp. 11-12, ¶¶ 29-31.) On February 2, 2016, FUSD convened an IEP meeting to change Student's placement, and offered her a placement in a nonpublic school (NPS), behavior services, counseling, and ESY. (*Id.*, p. 11, ¶¶ 22-28.) Student contends that the offer was inadequate to meet Student's needs because she required placement in residential treatment with more time in counseling and intensive behaviorist services. (*Id.*, p. 12, ¶ 37.)

Student was placed on an involuntary psychiatric hold from March 7, 2016 to March 14, 2016, and was hospitalized again from March 29, 2016 to April 1, 2016. (*Id.*, p. 13, ¶¶ 40-41.) FUSD convened a thirty-day IEP to review the NPS placement on April 5, 2016. (*Id.*, p. 13, ¶ 42.)

On April 16, 2016, Student was placed in a juvenile hall school operated by the Fresno County Office of Education (FCOE). (*Id.*, p. 14, ¶ 49-50.) On May 24, 2016, FCOE offered an interim IEP to Student. (*Id.*, p. 13, ¶ 51.) FCOE convened a thirty-day IEP team meeting on May 24, 2016. (*Id.*, p. 14, ¶ 53.) Student argues that she required residential treatment with appropriate related counseling and behavior services, and that FCOE failed to consider a continuum of placement options. (*Id.*, p. 15, ¶¶ 56-57.)

### C. 2016-2017 School Year

During the 2016-2017 school year, Student was placed in the ninth grade at Victor Treatment in Santa Rosa on August 2, 2016. (*Id.*, p. 16, ¶ 62.) Student alleges that Victor Treatment was an inappropriate placement because it did not provide adequate mental health or behavioral support. (*Id.*, p. 16, ¶ 63.) On August 17, 2016, Sonoma County of Education (SCOE) developed an interim placement IEP, which provided for placement at a nonpublic school with behavior services and counseling. (*Id.*, p. 16, ¶ 65.) Student argues that the IEP was inadequate because she required residential treatment and more counseling and behavioral services, as well as a behavior assessment and BIP. (*Id.*, p. 16, ¶¶ 67-68.) Student was placed back in juvenile hall on September 7, 2016, and FCOE developed an interim IEP on September 14, 2016. (*Id.*, p. 17, ¶¶ 70-71.)

On October 3, 2016, Student was placed in Milhous in Elk Grove, and was subsequently hospitalized until November 7, 2016, and then returned to juvenile hall. (*Id.*, pp. 17-18, ¶¶ 75-79.) On November 15, 2016, FCOE developed an interim IEP, and convened a thirty-day IEP on December 13, 2016. (*Id.*, p. 15, ¶¶ 56-57.) Student contends that FCOE failed to offer Student an appropriate program, failed to consider a continuum of placement options, and failed to offer an assessment plan. (*Id.*, p. 19, ¶¶ 86-88.)

On January 4, 2017, Student was transferred to a group home, and then enrolled in Kern High School District (KHSD) on January 9, 2017. (*Id.*, p. 20, ¶¶ 90-93.) An IEP meeting was convened on February 2, 2017. (*Id.*, p. 20, ¶¶ 94.) Student alleges that the IEP was inadequate, unclear, and not based on Student's needs, and that KHSD failed to consider a continuum of placement options, conduct a functional behavior assessment, offer ESY placement and services,

and change her eligibility category. (*Id.*, pp. 20-22 ¶¶ 93-104.) Student was placed in a psychiatric hospital, and on February 15, 2017, KHSD convened an IEP team meeting, but did not offer residential treatment. (*Id.*, p. 22, ¶¶ 106-107.)

On February 17, 2017, Student was placed at Charis Youth Center within Nevada Joint Unified High School District (NJUHSD). (*Id.*, pp. 22-23, ¶¶ 108, 110.) Student alleges that NJUHSD failed to convene an interim or thirty-day IEP meeting, failed to offer her an out-of-state residential program, failed to change her eligibility category, and failed to offer her an assessment plan. (*Id.*, p. 23, ¶¶ 110-111.)

On March 30, 2017, Student was placed in a care group home within Redlands Unified School District (RUSD), which Student alleges failed to make an interim IEP offer. (*Id.*, p. 23, ¶¶ 112-113.) RUSD convened an IEP meeting on April 25, 2017, and Student alleges that the IEP was inadequate to meet her needs. (*Id.*, p. 24, ¶¶ 119-124.) Student was discharged from the group home on April 28, 2017. (*Id.*, p. 24, ¶¶ 125.)

Student was placed in a group home in Fresno, and was subsequently placed in juvenile hall hospitalized and placed in a psychiatric hospital. (*Id.*, pp. 24-25, ¶¶ 125-129.) On May 26, 2017, Central Unified School District (CUSD) prepared an interim placement offer in a community day school. (*Id.*, p. 25, ¶ 130.) Student alleges that the IEP was inadequate to meet her needs. (*Id.*, pp. 25-26, ¶¶ 132-134.)

## II. PROCEDURAL HISTORY

Student filed her Due Process Complaint on July 18, 2017, and filed her Amended Complaint with the Special Education Division of the Office of Administrative Hearings (OAH) on July 19, 2017. On July 26, 2017, OAH granted Student's motion to amend the complaint. CDE filed a Motion to Dismiss on August 3, 2017.

With respect to the State of California, the Amended Complaint alleges it failed to ensure that "students in the justice juvenile system are provided an equal access to education and mental health services," and that "Student's IEP should have been developed and monitored by a single local education agency." (*Id.*, p. 26 ¶¶ 138-140.) Student also contends that the State of California denied Student a FAPE by "failing to ensure that there are appropriate residential

treatment facilities located within the state for students with extremely severe mental health issues," rather than placing them out-of-state. (*Id.*, p. 27 ¶ 141.)

## STATUTORY BACKGROUND

In 1975, Congress passed the Education for All Handicapped Children Act, which later became known as the Individuals with Disabilities Education Act (IDEA). (20 U.S.C. § 1400 et seq.; 34 C.F.R. § 3001 et seq.) The IDEA makes federal grants available to states that establish a policy to ensure all handicapped children are provided with the right to a FAPE. (20 U.S.C. § 1412.)[1] One of the conditions for such funding is that the state education agency be held responsible for compliance with IDEA and generally supervise all programs related to the education of children with disabilities. (20 U.S.C. § 1412, subd. (a)(11).) The CDE is the state educational agency in this case. (20 U.S.C. § 1401, subd. (32).)

California has adopted legislation in order to participate in IDEA. (Ed. Code, § 56000 et seq.; Cal. Code Regs., tit. 5, § 3000 et seq.) California law is consistent with federal law in providing that it is the primary responsibility of the public *education agency* to provide a FAPE to all individuals with exceptional needs. (Ed. Code, §§ 56026, 56032, 56100, 56135, & 56501; Gov. Code, § 7561.) The *local education agencies* are required to provide special education and those related services and designated instruction and services contained in a child's IEP that are necessary for the child to benefit educationally from his or her instructional program. (Gov. Code, § 7573.) Both federal and state laws define what an LEA is. Title 34 Code of Federal Regulations part 300.28 (Local Educational Agency) states, in part:

> (a) General. Local educational agency or LEA means a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary or

---

[1] A FAPE is defined as special education and related services that are provided at public expense and under public supervision, that meet the State's educational standards, and that conform to the student's IEP. (20 U.S.C. §1401(9); Cal. Code Regs., tit. 5, § 3001, subd. (o).) Special education is defined as specially designed instruction, at no cost to parents, to meet the unique needs of a child with a disability that are needed to assist the child to benefit from instruction. (20 U.S.C. § 1401(29); Ed. Code, § 56031.) Special education related services include developmental, corrective, and supportive services, such as mental health counseling services, as may be required to assist a child with a disability to benefit from special education. (20 U.S.C. § 1401(26); Ed. Code, § 56363.)

> secondary schools in a city, county, township, school district, or other political subdivision of a State, or for a combination of school districts or counties as are recognized in a State as an, administrative agency for its public elementary schools or secondary schools.
> (b) Educational service agencies and other public institutions or agencies. The term includes-
> (1) An educational service agency, as defined in§ 300.12; and
> (2) Any other public institution or agency having administrative control and direction of a public elementary school or secondary school, including a public nonprofit charter school that is established as an LEA under State law.

The State defines LEA as "a school district, a county office of education, a nonprofit charter school ... or a special education local plan area. (Ed. Code, § 56026.3.) In accordance with the above, the LEA is the authority responsible to the pupil for providing appropriate IEP services to ensure the child receives a FAPE. (20 U.S.C. § 1412, subd. (a)(12)(B)(ii); Ed. Code, § 56344.) The procedural safeguards established to ensure compliance with special education laws confirms this point. The federal law provides the pupil with the opportunity to file a complaint regarding the provision of a FAPE, and the federal law identifies the local education agency as the respondent in these matters. (20 U.S.C.A. §§ 1415 subd. (b)(7)(A), 1415, subd. (c)(2)(B)(i), 1415, subd. (f)(1)(A).)

Additionally, this State's special education due process hearing procedures extend to a student who is a ward or dependent of the court, to the parent or guardian, and to "the public agency involved in any decisions regarding a pupil." (Ed. Code, § 56501, subd. (a).) A "public agency" is defined as "a school district, county office of education, special education local plan area, . . . or any other public agency . . . providing special education or related services to individuals with exceptional needs." (Ed. Code, §§ 56500 and 56028.5.)

## ARGUMENT

### I. THE STATE OF CALIFORNIA IS NOT A PROPER PARTY TO THIS DUE PROCESS COMPLAINT

The State of California is not the proper party to this due process complaint because local education agencies (LEAs) - not the State of California - are the entities charged with statutory responsibility for ensuring Student's FAPE. Student seeks to hold the State of California

accountable in this matter. Specifically, Student asserts that the State of California denied her a FAPE by:

(a) failing to ensure that adequate residential treatment facilities in the state for students with severe mental needs;

(b) failing to provide a single educational agency that remains responsible for a child in the juvenile justice system; and

(c) failing to ensure that children in the juvenile justice system are properly assessed. (Amended Complaint, p. 7, ¶ 10.)

However, Student provides no legal authority supporting her allegations that the State of California is responsible for providing a FAPE. Contrary to Student's allegations, both the IDEA and California law provide that LEAs have the primary responsibility for providing a FAPE to individuals with exceptional needs, which includes special education and related services contained in a child's IEP. (Ed. Code, §§ 56026, 56032, 56100, 56135, & 56501; Gov. Code, §§ 7561, 7573.) An LEA is defined as "a school district, a county office of education, a nonprofit charter school … or a special education local plan area." (Ed. Code, § 56026.3.) Additionally, special education due process hearing procedures specifically extend to the "public agency" involved in any decisions regarding a pupil, namely, "a school district, county office of education, special education local plan area, . . . or any other public agency . . . providing special education or related services to individuals with exceptional needs." (Ed. Code, §§ 56500 and 56028.5.) Federal and state law clearly identify LEAs as the entities responsible for providing a FAPE. In this case, it is the school districts and county offices of education that are the LEAs with statutory responsibility for providing a FAPE to Student. Student concedes that it was these entities alone that assessed Student and participated in the challenged IEP process and decisions. (Amended Complaint, pp. 7-26, ¶¶ 1-135.) Any dispute that Student has regarding her FAPE is with the responsible LEAs.

The State of California is not a local education agency, nor is it a "public agency" responsible for ensuring compliance with the IDEA. As discussed above, a "public agency" only includes the school district, county office of education, special education local plan areas, or any other public agency that provides specific education or related services to individuals with

exceptional needs. (Ed. Code, §§ 56500 and 56028.5.) By statutory definition, the State of California does not qualify as a "public agency" responsible for ensuring compliance with the IDEA. (Ed. Code, §§ 56500, 56028.5.)[2] Student fails to plead any facts demonstrating that the State of California was involved in the development of Student's educational program, had any direct or supervisory input or interaction with the local educational agency as to what her placement should be, or provided any special education or related services to her. Because the State of California is not a proper party to this due process complaint, it must be dismissed.

### I. THE STATE OF CALIFORNIA HAS NO DUTIES TO PROVIDE A FAPE BY ENSURING IN-STATE RESIDENTIAL PLACEMENTS OR DESIGNATING A SINGLE LEA IN THE JUVENILE JUSTICE SYSTEM

The State of California has no duties under federal or state law to provide a FAPE by ensuring that in-state residential placements are available, or that a single LEA remains responsible for Student's IEP and assessments in the juvenile justice system. Student, without any stated authority, attempts to hold the State of California responsible for ensuring that in-state residential placement options exist for special education students with severe mental health needs, like herself. (Amended Complaint, p. 7, ¶¶ 10.) The State of California, however, owes no such duty to Student. While LEAs are required to offer and provide student with disabilities a continuum of alternative placements, including placement in a public or private residential home if necessary, the law does mandate an *in-state* residential placement. (34 CFR § 300.115(a), 45 CFR § 300.104.) Neither federal nor state law places an obligation on the State of California to ensure the availability of in-state residential placements.

Similarly, Student argues without any authority that the State of California is responsible for ensuring that a single educational agency remains responsible for Student's IEPs and assessment. To the contrary, the law provides that *each* LEA in which a student resides or is placed is responsible for educating the student and providing special educational services like IEP

---

[2] The only state entity involved with ensuring that the requirements of providing a FAPE are met is CDE (distinct from the State of California) which has "general supervisory responsibility in California for the provision of special education services in California." (20 U.S.C. §§ 1401, subd. (32), 1412, subd. (a)(11)(A))

assessments. (Ed. Code, §§ 48200, 56300, 56320(i).) This includes students who transfer in and out of juvenile halls, like Student. As Student concedes in her Amended Complaint, the juvenile halls in which she was placed were operated by LEAs like the county offices of education. (See e.g. Amended Complaint, p. 14 ¶ 50.) It is these entities, not the State of California, that are directly responsible for ensuring that Student is adequately assessed while in the juvenile justice system under federal and state law. Consequently, the State of California must be dismissed from this action.

## II.   OAH CANNOT AWARD STUDENT THE REMEDIES SHE SEEKS

Moreover, the OAH cannot award Student with the remedies she seeks. Here, Student proposes that OAH order a single local educational agency or CDE to be responsible for Student's IEPs and assessments while she is within the jurisdiction of the juvenile justice system. (Amended Complaint, p. 28, ¶ 6.) Student also proposes that OAH order the State of California and/or CDE to ensure that there is an appropriate residential treatment facility within the state to serve Student. (*Id.*, p. 28, ¶ 7.) However, the relief sought by Student goes far beyond the jurisdiction of OAH in a due process case.

In order to ensure the provision of a FAPE, the IDEA and California law specifically allows for OAH to order the offending *education* entity to comply with the IDEA requirements and obligations. (20 U.S.C. section 1415, subd. (a); Ed. Code, § 56505, subd. (f)(4).) Therefore, when a school district fails to provide a FAPE to a student with a disability, the student is entitled to relief that is "appropriate" in light of the purposes of the IDEA. (*School. Comm. of Burlington v. Dep't of Educ.* (1985) 471 U.S. 359, 369-371.) The IDEA does not confer authority on OAH to order non-education entities like the State of California to provide services, let alone create treatment facilities or designate responsibility for students to a single LEA in the juvenile justice system. OAH does not have the jurisdiction to order the type of statewide policy changes sought by Student, which are not provided for by existing law. OAH cannot award Student the remedy she seeks with respect to the State of California, it must be dismissed from this action.

///

///

10

The State of California's Motion to Dismiss

# CONCLUSION

Based on the foregoing reasons, the State of California respectfully requests that its motion to dismiss be granted.

Dated: August 4, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ISMAEL A. CASTRO
Supervising Deputy Attorney General

JUDY WONG
Deputy Attorney General
*Attorneys for the State of California*

SA2017108123
12775959.doc

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   S▮▮▮▮ B▮▮ *v. Fresno County Department of Social Services, et al.*
No.:   **OAH 2017070678**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On August 4, 2017, I served the attached **THE STATE OF CALIFORNIA'S MOTION TO DISMISS** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Christian M. Knox
Ruderman & Knox, LLP
1300 National Drive, Suite 120
Sacramento, CA 95834

Office of Administrative Hearings
Special Education Division
2349 Gateway Oaks Drive, Suite 200
Sacramento, CA 95833-4231

Delfino Neira, Director
Fresno County Department of Social Services
2135 Fresno Street, Suite 100
Fresno, CA 93721

Adrian Varanini & Marrio Walker,
Directors of Special Education Fresno Unified School District
1301 M Street
Fresno, CA 93721

Trina Frazier, Administrator of Special Education
Fresno County Office of Education
1111 Van Ness Avenue
Fresno, CA 93721

John Laughlin, Assistant Superintendent
Special Education Sonoma County Office of Education
5340 Skylane Boulevard
Santa Rosa, CA 95403-8246

Doug Phillips, Director of Special Education
Elk Grove Unified School
9510 Elk Grove-Florin Rd
Elk Grove, CA 95624

Sandy Niday, Director of Special Education
SELPA Kern High School District
5801 Sundal Avenue
Bakersfield, CA 93309

Sean Manchester, Director of Special Education
Nevada Joint Union High School District
11645 Ridge Road
Grass Valley, CA 95945

Cher Koleszar, Director of Special Services
Redlands Unified School District
20 West Lugonia Avenue
Redlands, CA 92374

Andrea Valadez, Special Education Administrator
Central Unified School District
4605 North Polk Avenue
Fresno, CA 93722

Cliff Downing, Juvenile Division Director
Fresno County Juvenile Probation
3333 East American Avenue, Suite B
Fresno, CA 93725

Len Garfinkel, California Department of Education
1430 N Street, Room 5319
Sacramento, CA 95814

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 4, 2017, at Sacramento, California.

_____Sylvia Sandoval_____          _____[signature]_____
Declarant                                      Signature

SA2017108123
12776496.doc